UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN HERTZ, Individually and as Personal
Representative of the ESTATE OF ROGER B.
HERTZ, Deceased,

        Case No. 06-15443

    Plaintiff,

        Honorable John Corbett O'Meara

v.

UNITED STATES OF AMERICA,

    Defendant.
                              /

**OPINION AND ORDER GRANTING
DEFENDANT'S FEBRUARY 7, 2007 MOTION TO DISMISS**

This matter came before the court on defendant United States of America's February 2, 2007 motion to dismiss. Plaintiff Susan Hertz filed a response March 23, 2007; and the government filed a reply April 3, 2007. Oral argument was heard April 5, 2007.

**BACKGROUND FACTS**

Roger B. Hertz, Plaintiff's decedent, was killed in the crash of an experimental airplane on May 31, 2004, near Vermontville, Michigan. Although Plaintiff knew of both her husband's death and the cause of death at that time, it was not until she met with officials of the Federal Aviation Administration ("FAA") on June 25, 2004, that she first became aware of "certain facts that implicated potential culpability on the part of the FAA." Plaintiff's br. at 7.

On June 9, 2006, Plaintiff's counsel sent an administrative claim to the Federal Aviation Administration ("FAA"), seeking money damages for his wrongful death. The claim was denied as untimely.

The sole issue before the court is whether Plaintiff's claim was timely filed under the two-year statute of limitations in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b). If Plaintiff's wrongful death claim accrued on the date of the plane crash in which her husband was killed, then her administrative claim, filed more than two years later, is barred by the statute of limitations. If, however, as Plaintiff argues, by operation of the "discovery rule," the cause of action accrued when she first became aware of the potential culpability on the part of the FAA, her claim was timely filed. In the alternative, Plaintiff argues that the equitable tolling doctrine applies to prevent the running of the statute of limitations.

## **LAW AND ANALYSIS**

The statute of limitations for the FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b).

Plaintiff relies on the discovery rule enunciated by the United States Supreme Court in Kubrick v. United States, 441 U.S. 111 (1979). However, Plaintiff's argument, that her claim did not accrue until she became aware of the FAA's potential culpability, was explicitly rejected by the Court. "We thus cannot hold that Congress intended that 'accrual' of a claim must await awareness by the plaintiff that his injury was negligently inflicted." Id. at 123. Instead, the Court held, "[a] claim accrues within the meaning of § 2401(b) when Plaintiff knows both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute medical malpractice [negligence]." Id. at 111. The Court reasoned that a plaintiff such as Hertz, who knows the fact of her injury, as well as its cause, can protect herself by seeking advice in the legal community. Id.

In this case plaintiff Hertz had ample opportunity, 22 months, in which to file her claim even *after* she spoke with FAA officials in June 2004. The United States Court of Appeals for the Sixth Circuit recently commented under similar circumstances that 17 months constituted ample opportunity for a plaintiff to file a claim. Chomic v. United States, 377 F.3d 607 (6th Cir. 2004).

Plaintiff's alternative theory is that equitable tolling should stop the running of the statute of limitations period because the government itself had all of the evidence regarding the plane crash; therefore, the government controlled when she could have found out about the potential culpability of the FAA. In this case, however, Plaintiff has not alleged any misconduct, fraud, or concealment of material facts by the FAA to induce Plaintiff into letting the statute of limitations expire before knowing the fact of her injury as well as its cause. Although this circuit has acknowledged that equitable tolling may be applied in suits against the government, it may be used only "'sparingly,' and not where there has been only 'a garden variety claim of excusable neglect.'" Chomic, 377 F.3d at 615.

The record in this case indicates that Plaintiff had more than 22 months after retaining counsel to investigate and file a timely claim. Lack of diligence defeats her argument for equitable tolling.

## ORDER

It is hereby **ORDERED** that the government's February 7, 2007 motion to dismiss is **GRANTED.**

s/John Corbett O'Meara  
United States District Judge

Dated: April 6, 2007

3

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 6, 2007, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager